1
2
3
4
5
6
7     IN THE UNITED STATES DISTRICT COURT
8     FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

10    ROBERT RUFFIN, G-60756,                    )
                                                 )
11              Petitioner,                      )   No. C 11-0512 CRB (PR)
                                                 )
12    vs.                                        )   ORDER REOPENING
                                                 )   CASE AND ORDER TO
13    BRENDA CASH, Acting Warden,                )   SHOW CAUSE
                                                 )
14              Respondent.                      )
      _____       )
15

16          Petitioner, a state prisoner currently incarcerated at California State

17    Prison, Los Angeles County, filed a pro se protective petition for a writ of habeas

18    corpus under 28 U.S.C. § 2254 challenging a conviction and sentence from Santa

19    Clara County Superior Court.  Petitioner also moved for a stay until he exhausts

20    his claims in the state courts.

21          Per order filed on February 28, 2011, the court granted the motion to stay

22    proceedings and instructed the clerk to administratively close the case until

23    petitioner exhausts his claims and moves to reopen the case and lift the court's

24    stay.  Petitioner recently filed a notice of change of address, wherein he also

25    informs the court that he exhausted his state judicial remedies when the Supreme

26    Court of California rejected his claims in August 2011 and requests that the court

27    lift its stay.  Good cause therefor, petitioner's notice is construed in part as a

28    motion to reopen the case and lift the court's stay and is granted.

**BACKGROUND**

Petitioner accepted a plea bargain agreement and entered pleas of guilty to a variety of charges related to two separate bank robberies.  He also admitted that he had suffered a prior "strike" felony conviction and a prior serious felony conviction.  On March 27, 2009, the trial court sentenced petitioner in accordance with the plea agreement to a total term of 35 years to life in state prison.

Petitioner appealed and was assigned appellate counsel, who subsequently filed a brief under People v. Wende, 25 Cal. 3d 436 (1979), finding no arguable issues and requesting the California Court of Appeal to review the record independently.  On February 19, 2010, the California Court of Appeal filed an opinion finding no arguable issues on appeal and affirming the judgment of the trial court.  Petitioner did not seek review from the Supreme Court of California, but later sought habeas relief from the state courts.  On August 10, 2011, the Supreme Court of California denied his final petition for a writ of habeas corpus.

**DISCUSSION**

A.     Standard of Review

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto."  Id. § 2243.

B.     Claims

Petitioner seeks federal habeas corpus relief under § 2254 by raising five claims: (1) the state courts improperly denied his petition for a writ of habeas

2

corpus, (2) the trial court improperly accepted his admission of the prior "strike" conviction without establishing a factual basis for it; (3) his admission of the prior "strike" conviction was not voluntary and intelligent; (4) ineffective assistance of trial counsel for failing to challenge the prior "strike" conviction; and (5) ineffective assistance of counsel for failing to raise issues (2), (3) and (4) on appeal.  Claims (1) and (2) are DISMISSED because it is well-established that: (1) errors in the state post-conviction review process are not addressable through federal habeas corpus proceedings, see Ortiz v. Stewart, 149 F.3d 923, 939 (9th Cir. 1998), and (2) due process does not require a state court to establish a factual basis for a guilty plea, see Rodriguez v. Ricketts, 777 F.2d 527, 528 (9th Cir. 1985).  But liberally construed, claims (3), (4) and (5) appear cognizable under § 2254 and merit an answer from respondent.  See Zichko v. Idaho, 247 F.3d 1015, 1020 (9th Cir. 2001) (federal courts must construe pro se petitions for writs of habeas corpus liberally).

**CONCLUSION**

For the foregoing reasons and for good cause shown,

1.      The clerk shall serve a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California.  The clerk also shall serve a copy of this order on petitioner.

2.      Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues

3

presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3.      Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to  Rule 4 of the Rules Governing Section 2254 Cases.  If respondent files such a motion, petitioner shall file with the court and serve on respondent an opposition or statement of non-opposition within 30 days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within 15 days of receipt of any opposition.

4.      Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel.  Petitioner must also keep the court and all parties informed of any change of address.

SO ORDERED.

DATED:  Oct. 5, 2011                           

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\HC.11\Ruffin, R.11-0512.osc.wpd